VINCENT J. AIELLO, ESQ.
Nevada Bar No. 007970
**GREENSPOON MARDER, P.A.**
3993 Howard Hughes Parkway Ste. 400
Las Vegas, Nevada 89169
Direct Dial (702) 978-4255
Direct Fax: (954) 333-4285
E-Mail: vincent.aiello@gmlaw.com

ANTHONY L. MARTIN, ESQ.
Nevada Bar No. 008177
**OGLETREE DEAKINS NASH SMOAK & STEWART, P.C.**
3800 Howard Hughes Parkway Ste. 1500
Las Vegas, Nevada 89169
Telephone (702) 369-6800
Facsimile (702) 369-6888
E-Mail: anthony.martin@ogletree.com

*Attorneys for Plaintiff Westgate LVH, LLC*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| WESTGATE LVH, LLC, | CASE NO.: 2:17-cv-01731-RFB-NJK |
| Plaintiff, | |
| vs. | **STIPULATED PROTECTIVE ORDER PURSUANT TO FRCP 26(a)1** |
| TRUSTEES OF THE NEVADA RESOIRT ASSOCIATION, INTERNATIONAL ALLIANCE OF THEATRICAL STAGE EMPLOYEES (I.A.T.S.E.) LOCAL 720 PENSION TRUST, | |
| Defendants. | |

Plaintiff, WESTGATE LVH, LLC ("Westgate"), by and through their attorneys of record, Vincent J. Aiello, Esq., of GREENSPOON MARDER, P.A. ("Plaintiff"), and TRUSTEES OF THE

1

31986446v1

NEVADA RESOIRT ASSOCIATION, INTERNATIONAL ALLIANCE OF THEATRICAL STAGE EMPLOYEES (I.A.T.S.E.) LOCAL 720 PENSION TRUST (collectively referred to as "Defendants") hereby request the Court enter the following Stipulated Protective Order. This Stipulation is brought pursuant to and in compliance with Local Rule 7-1.

The parties are expected to request confidential, non-public information and documents from each other, including but not limited to, attorney-client privileged information, proprietary information, trade-secrets, business operations, account and financial records, non-public business records, and other information and documents regarding certain individuals, who are not, and are not expected to be, individual parties to this action. The parties consider this information and these documents to be private, confidential and privileged from any disclosure.

Discovery in this case will most likely require the production of documents, the answering of Interrogatories and Requests for Admission, and the taking of oral and/or written depositions, during which the aforementioned attorney client privileged information, proprietary, trade secret, confidential and/or private information and documents of the parties will be exchanged and disclosed. To facilitate the prompt resolution of disputes over confidentiality and to adequately protect material entitled to remain privileged and be kept confidential, the parties agree to limit the disclosure and use of attorney client privileged information, confidential, and private information and documents pursuant to this Stipulated Protective Order entered in the above captioned-action on the following terms:

**DEFINITIONS**

The following definitions shall apply to this Stipulated Protective Order:

A. The "Action" shall refer to in the instant litigation originally filed in the United States District Court for the District of Nevada, Case No.: 2:17-cv-01731-RFB-NJK, and any appeal thereof through final determination. The "Action" does not refer to any "related case" unless ordered by this Court.

B. "Producing Party" shall mean any person or entity producing documents, information or other materials in the Action, including any Party to the Action or any third parties.

31986446v1

C. "Party" or "Parties" shall mean the Plaintiff and Defendants in this Action, and any other person that may become a named Party to the Action.

D. "Confidential" information means any information or material that is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEY CLIENT PRIVILEGED" or "OUTSIDE ATTORNEYS' EYES ONLY" as provided for in this Order. Confidential information shall be defined as such documents, deposition testimony or other information disclosed during discovery in the Action which the Producing Party or another Party reasonably and in good faith contends contains information that should be protected from disclosure pursuant to this Stipulated Protective Order. Any Party may designate any information or documents as Confidential in the reasonable exercise of such Party's sole discretion; provided, however, by agreeing to this Stipulated Protective Order, no Party waives the right to challenge any other Party's designation of any information or document as Confidential. Confidential information may include, but is not limited to, documents, deposition and other testimony, and interrogatory answers as they relate to any non-public financial, trade and/or proprietary information concerning Plaintiff, Defendants and any and all of their affiliates, predecessors, successors, assigns, agents, contractors and attorneys; documents relating to Defendants' clients, applicants, and prospective clients and applicants (including client complaints and contact information), budgetary information, business plans, strategy and marketing, salary information, pricing information, and agreements with employees and non-parties.

E. "Legend" as used herein shall mean a stamp or similar insignia stating "CONFIDENTIAL" "HIGHLY CONFIDENTIAL – ATTORNEY CLIENT PRIVILEGED" or "OUTSIDE ATTORNEYS' EYES ONLY".

F. When reference is made in this Stipulated Protective Order to any document or Party, the singular shall include the plural, and plural shall include the singular.

G. "Outside Counsel" means (i) outside attorneys who appear on the pleadings or docket for the Action as counsel-of-record for a Party, (ii) partners and associates of the law firms

31986446v1

of such attorneys to whom it is reasonably necessary to disclose Confidential information for the Action and who receive Confidential information.

H. "Outside Attorneys' Eyes Only" shall mean only to be reviewed by Outside Counsel.

**I. <u>DESIGNATION OF INFORMATION AND DOCUMENTS</u>**

When any document or thing produced under this Stipulated Protective Order is designated as CONFIDENTIAL, HIGHLY CONFIDENTIAL – ATTORNEY CLIENT PRIVILEGED or OUTSIDE ATTORNEYS' EYES ONLY, a Legend shall be affixed to the first page and all pages containing information for which the Producing Party seeks protection. When information produced in answer to an Interrogatory, or response to a Request for Production or Request for Admission is designated as CONFIDENTIAL, the response or answer shall be preceded with the appropriate designation.

A Producing Party may designate documents, information or material as CONFIDENTIAL, HIGHLY CONFIDENTIAL – ATTORNEY CLIENT PRIVILEGED or OUTSIDE ATTORNEYS' EYES ONLY, only upon a good faith belief that the documents, information, or material contains material that is Confidential as defined in Section I., D. above.

The initial failure to designate information or documents as CONFIDENTIAL in accordance with this Stipulated Protective Order shall not preclude the Producing Party from, at a later date, designating any information or documents as CONFIDENTIAL. The Producing Party may, by written notice to counsel of record for the receiving Party, designate previously produced information or documents as CONFIDENTIAL, which it had inadvertently failed to designate. Upon receipt of such notice, the receiving Party shall promptly mark its copies of the information or documents so designated, and shall, thereafter, treat the information and documents as if it had been designated CONFIDENTIAL and shall restrict the disclosure or use of the information or documents in accordance with this Stipulated Protective Order. If the information or documents have previously been disclosed to non-parties, the Parties shall take reasonable steps to obtain all such previously disclosed information or documents and advise the non-parties to treat the

31986446v1

designated materials in a manner that is consistent with this Stipulated Protective Order and as though the information and documents were originally so designated.

## II. LIMITATIONS

This Stipulated Protective Order shall govern documents, testimony, information and materials generated or produced in response to any method of discovery conducted by any Party to the Action, and used in the prosecution and defense of the Action.

Persons obtaining access to CONFIDENTIAL information under this Stipulated Protective Order shall use the information only for the preparation of and the trial in the Action. Persons shall not use such information for any other purpose, including business, commercial, personal, administrative or judicial proceedings.

Nothing in this Stipulated Protective Order shall restrict in any way the use or disclosure by a Party of information (a) that is or has become publicly known through no fault of the receiving Party; (b) that is lawfully acquired by or known to the receiving Party independent of the Producing Party; or (c) prior to entry of this Stipulated Protective Order was previously produced, disclosed, and/or provided by the Producing Party or a non-party without an obligation of confidentiality and not by inadvertence or mistake.

## III. PERMISSIBLE DISCLOSURES/ACCESS

Except as set forth herein, Confidential information, and any facts or information contained therein or derived therefrom, shall be disclosed only to the Court on the condition that the Court enters an order similar to this Stipulated Protective Order and/or to: (a) the Parties in the Action, including their officers, directors and employees, but only to the extent that such disclosure is necessary for the conduct of litigation in the Action; (b) Outside Counsel for the Parties hereto and their agents, employees, paralegals, or other secretarial and clerical employees; (c) experts, independent contractors, consultants, or advisors who are employed or retained by, or on behalf of, one or more of the Parties to the Action or their Outside Counsel to assist in preparation of the Action for trial; (d) deponents and their counsel who have a need to review this material during the

31986446v1

course of, or in connection with, depositions taken in or for the Action; (e) stenographic reporters who are involved in depositions, the trial or any hearings or proceedings before the Court in the Action; (f) people who have previously received or created the document; and (g) witnesses in the Action who need to review this material in connection with their testimony in the Action. Confidential information may be disclosed to persons listed in this paragraph only after such person has been shown a copy of this Stipulated Protective Order and agrees to be bound by the terms of this Stipulated Protective Order.

## IV. <u>DECLASSIFICATION</u>

Unless and until otherwise ordered by the Court, or otherwise agreed by the Parties, all documents and other discovery materials designated CONFIDENTIAL, HIGHLY CONFIDENTIAL – ATTORNEY CLIENT PRIVILEGED or OUTSIDE ATTORNEYS' EYES ONLY in accordance with Section I., D above, shall be treated as such under this Stipulated Protective Order. In the event that any Party objects to the designation of any document, the objecting Party may seek modification of the designation or the disclosure of the redacted information in accordance with the following procedure:

At any time, the receiving Party of any document or information designated CONFIDENTIAL may notify the Producing Party, in writing, that the receiving Party does not concur in the designation or redaction. The Parties shall attempt to resolve such challenges informally. In the event that such attempts are not successful, the receiving Party may file a motion seeking to remove the designation as CONFIDENTIAL, and the Court shall make an independent determination as to whether or not any given document or information is Confidential and/or properly redacted based upon facts then existing, and in so doing, the Court shall not be bound by any Party's designation; provided, however, that such documents or discovery material shall be deemed Confidential unless and until the Court rules otherwise. The Party or entity making the designation must show that there is good cause for the document or information to have such protection.

6

31986446v1

## V. **DESIGNATED INFORMATION AND DOCUMENTS IN DEPOSITIONS**

In the case where Confidential information or documents are used or revealed during a deposition or if a deponent is asked about or shown documents that have been designated as CONFIDENTIAL, under this Stipulated Protective Order, designation of the transcript or any portion thereof, including the designated documents or other exhibits, as, CONFIDENTIAL, HIGHLY CONFIDENTIAL – ATTORNEY CLIENT PRIVILEGED or OUTSIDE ATTORNEYS' EYES ONLY, may be made by a statement by a Party, counsel or the witness on the record either during or after conclusion of the deposition. The stenographer transcribing the deposition shall be instructed to affix a Legend to the cover page and all appropriate pages of the transcript, "This transcript portion contains information subject to a Stipulated Protective Order and shall be used only in accordance therewith."

A Party or a witness may designate a deposition or trial transcript, or a portion thereof, disclosing, containing or referring to any Confidential information or documents as CONFIDENTIAL, HIGHLY CONFIDENTIAL – ATTORNEY CLIENT PRIVILEGED or OUTSIDE ATTORNEYS' EYES ONLY by informing counsel for all other Parties to this Action in writing within thirty (30) days after receipt of the transcript as to the specific pages and lines deemed Confidential, and thereafter such pages and lines shall constitute Confidential information or documents pursuant to this Stipulated Protective Order. Upon receipt of such notice, any Party in possession of copies of the transcript with the designated pages and lines shall affix the appropriate Legend thereto. During the 30-day interval following receipt of a transcript, the transcript shall be treated as Confidential.

## VI. **DESIGNATED INFORMATION AND DOCUMENTS IN BRIEFS**

31986446v1

See order issued concurrently herewith.

## VII. <u>DESIGNATED INFORMATION AND DOCUMENTS IN THE RECORD OF THE ACTION</u>

Confidential information or documents may be offered in evidence at any hearing or the trial in the Action, provided that the Parties have met, conferred and agreed in advance of the hearing and/or trial as to how the information or documents will be used, including, by way of example, requesting that the Court designate that portion of the transcript containing the Parties' discussion of the Confidential information or documents as Confidential and maintain it under seal, only to be produced to the Parties' at their request.  If the Parties cannot agree about how the information or documents will be used during a hearing, before or at the time of the hearing, the Party designating such Confidential status may move the Court for an order that the evidence be received *in camera* or under other conditions to prevent unnecessary disclosure.  If such a motion is made regarding evidence to be introduced at the time of trial, then the Party designating such Confidential status shall notify opposing counsel and the Court of its intent to make the motion sufficiently in advance

31986446v1

of and outside the presence of the jury so that counsel has the opportunity to object to the evidence and/or an opportunity to seek appropriate protection from the Court outside the presence of the jury and before the information or documents are offered into evidence in open court. The Court will then determine whether the proffered evidence should continue to be treated as Confidential and, if so, what protection, if any, may be afforded to such information at the hearing.

## VIII. SUBPOENA BY COURT OR OTHER AGENCIES

If at any time any document or information protected by this Stipulated Protective Order is subpoenaed by any court, administrative or legislative body, or is requested by any other person or entity purporting to have authority to require the production of such information, the Party to whom the subpoena or other request is directed shall immediately give written notice thereof to any Party which has designated such information Confidential. The Party that received the subpoena shall object to production under Rule 45 of the Federal Rules of Civil Procedure, or any similar rule protecting the production of Confidential documents in that proceeding. After receipt of the notice specified under this paragraph, the designating Party shall be responsible for obtaining any order it believes necessary to prevent disclosure of documents designated, and the Party to whom the referenced subpoena or other request is directed shall produce such document or information only upon an order issued by a judge of a court of competent jurisdiction requiring such production.

## IX. CLIENT CONSULTATION

Nothing in this Stipulated Protective Order shall prevent or otherwise restrict counsel from rendering advice to their clients and, in the course thereof, relying generally on examination of stamped Confidential information or documents; provided, however, that in rendering such advice and otherwise communicating with such clients, counsel shall not make specific disclosure of any items so designated except pursuant to the procedures in Paragraph IV above.

## X. COPIES OF DESIGNATED INFORMATION

Outside Counsel are responsible for employing reasonable measures, consistent with this Stipulated Protective Order, to control duplication of, access to, and distribution of copies of

9

31986446v1

Confidential information. Parties shall not duplicate Confidential information or documents except working copies and for filing in Court under seal. All copies of any Confidential information or documents shall be treated as provided in this Stipulated Protective Order. Any Party making, or causing to be made, copies of any such documents shall make certain that each such copy bears the appropriate Legend pursuant to the requirements of this Stipulated Protective Order.

### XI. ADDITIONAL RESTRICTIONS FOR CONFIDENTIAL INFORMATION MARKED "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY"

For Confidential information designated "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY", the Parties agree that additional restrictions should apply.

A. If a Producing Party wishes to waive or otherwise reduce the restrictions set forth below on the production of Confidential information designated "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY", it may do so by agreement in writing with the receiving Party.

B. Access to Confidential information designated "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" shall be limited to Outside Counsel retained for the purpose of the Actions. A receiving Party may include excerpts of the Confidential information in a pleading, exhibit, expert report, discovery document, deposition transcript, or other Court document (hereinafter "Court Document" or "Court Documents"), provided that the Court Documents are appropriately marked under this Stipulated Protective Order, restricted to those who are entitled to have access to them as specified herein, and, if filed with the Court, filed under seal in accordance with the Court's rules, procedures and orders.

C. The receiving Party may only include excerpts of Confidential information designated "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" that are reasonably necessary for the purposes for which such part of the Confidential information is used in any Court Documents. To the extent portions of the Confidential information are quoted in a Court Document, either: (1) the entire Court Document will be stamped and treated as "HIGHLY

31986446v1

CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" or (2) those pages containing quoted Confidential information will be separately stamped and treated as "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY".

## XII. NO WAIVER

Neither the provisions of this Stipulated Protective Order nor any disclosure by any Party pursuant hereto shall constitute a waiver of any attorney-client, work product or joint defense/common interest privilege, including the protections afforded by any applicable Rules of Federal Civil Procedure, the Rules of Professional Conduct, or by common law. The terms and provisions of this Stipulated Protective Order shall not be deemed or interpreted to require the disclosure or production by any party hereto of any documents or information otherwise subject to a valid claim of attorney-client, work product, or other privilege or protection against disclosure in discovery.

No Confidential information or documents shall lose such status under this Stipulated Protective Order as the result of the use of such information or documents in any hearing, trial, or other court proceeding in this Action, provided that such use is consistent with the terms of this Stipulated Protective Order. Counsel to the Parties in the Action shall confer at least five (5) days before any such hearing, trial, or other court proceeding in order to work out any objections to the use of any Confidential information or documents in such court proceeding and to make such amendments to this Stipulated Protective Order which the Parties agree are necessary to assure the continued confidentiality of such information.

Notwithstanding anything to the contrary contained herein, all objections as to admissibility in evidence of the discovery material subject to this Stipulated Protective Order are reserved and are not waived by any terms of this Stipulated Protective Order. The use of Confidential information and documents as evidence at trial shall be subject to this Stipulated Protective Order unless otherwise agreed to by the Parties or modified by the Court.

31986446v1

The inadvertent disclosure of Confidential information and documents shall not, under any circumstances, be deemed a waiver, in whole or in part, of any Party's claims of confidentiality.

The inadvertent production of any document or other information during discovery in the Action shall be without prejudice to any claim that such material is privileged, prohibited or protected from disclosure as privileged or work product, and no Party shall be held to have waived any rights by reason of such inadvertent production.

## XIII. INADVERTENT PRODUCTION OF PRIVILEGED MATERIALS

A. Inadvertent production of privileged material shall be dealt with in accordance with Fed. R. Civ. P. 26(b)(5). The inadvertent production of information that is subject to a claim of any privilege or other protection as trial-preparation material shall not constitute a waiver of any privilege or protection, provided that – consistent with the provisions of Fed. R. Civ. P. 26(b)(5) – the Producing Party notifies the receiving Party in writing of the inadvertent production as soon as practicable following the Producing Party's discovery of the inadvertent production.

B. Following the Producing Party's written notice of the inadvertent production, the receiving Party shall promptly return, destroy, or delete from its databases all copies of the specified information, not rely upon or make use of the inadvertently produced materials and shall make reasonable efforts to retrieve the information if the receiving Party previously provided the information to third parties.

C. The receiving Party shall not assert a claim or argument in this or any other court or legal proceeding that the Producing Party's act of inadvertently producing the information constituted a waiver of the Producing Party's privilege or other protection over the information.

D. If there is a disagreement as to whether the specified information is privileged or subject to protection, the Producing Party may present the information under seal to the Court for a determination. Until the Court makes a determination of the privileged or protected status of the information, the receiving Party shall not use in any way (including, but not limited to, using the information in depositions or at trial) nor disclose the information to other Parties.

31986446v1

## XV. **NON-TERMINATION**

A. The termination of proceedings in the Action shall not relieve the Parties from the obligation of maintaining the confidentiality of all information and documents produced and designated pursuant to this Stipulated Protective Order, unless the Parties otherwise agree or the Court orders or permits otherwise. Upon the final disposition of the Action, all information and documents, including any summaries or abstracts of materials, however maintained, shall be kept completely confidential. Outside Counsel for either Party may use the Confidential information and documents only for the purpose of defending ethical charges or professional malpractice charges, and may not use Confidential information or documents in any subsequent lawsuit.

B. Within 30 days of the final conclusion of this litigation, including appeals, if requested in writing by the party designating the documents as Confidential Documents, the party seeking disclosure shall return all Confidential Documents, and any copies, abstracts or summaries thereof, to the disclosing party's attorney of record, or certify in writing to the disclosing party's attorney, that they have been destroyed.

C. This Court shall have jurisdiction over the parties hereto with respect to any dispute concerning the enforcement or interpretation of this Stipulated Protective Order and the use of the Stipulated Protective Order.

IT IS SO STIPULATED.

Dated: October 5, 2017

| | |
|---|---|
| OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C. | BROWNSTEIN HYATT FARBER SCHRECK |
| By: */s/ Anthony L. Martin*_____ <br> Anthony L. Martin <br> Nevada Bar No. 08177 <br> anthony.martin@ogletree.com <br> Erica Chee <br> Nevada Bar No.012238 <br> erica.chee@ogletree.com <br> Tullio Marchionne <br> Nevada Bar No. 04684 | By: */s/  \_Christopher M. Humes* <br> Adam P. Segal, Esq. <br> Nevada Bar No. 6120 <br> Christopher M. Humes, Esq. <br> Nevada Bar No. 12782 <br> 100 North City Parkway, Suite 1600 <br> Las Vegas, Nevada 89106 <br> Email: asegal@bhfs.com <br> Email: chumes@bhfs.com <br> *Attorney for Defendants* |

31986446v1

tullio.marchionne@ogletree.com
3800 Howard Hughes Pkwy, Suite 1500
Las Vegas, Nevada 89169


By: /s/ Russell S. Buhite
Russell (Russ) S. Buhite (PRO HAC VICE)
russell.buhite@ogletree.com
800 Fifth Avenue, Suite 4100
Seattle, Washington 98104

GREENSPOON MARDER, P.A.

By: /s/ _Vincent J. Aiello
Vincent J. Aiello
Nevada Bar No. 007970
vincent.aiello@gmlaw.com
3993 Howard Hughes Parkway Ste. 400
Las Vegas, Nevada 89169

*Attorney for Plaintiff*
*Westgate LVH, LLC*

## ORDER

IT IS SO ORDERED.

Dated: October 11, 2017

_____
Nancy J. Koppe
UNITED STATES MAGISTRATE JUDGE